UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>KARLA MARIA CUEVAS-VERDUGO,<br><br>                      Defendant. | Case No.: 19CR4375-CAB<br><br>**Order Denying Without Prejudice Motion to Reduce Sentence**<br>**[Doc. No. 47]** |

      On November 9, 2020, defendant Karla Maria Cuevas-Verdugo ("Defendant") filed a motion to reduce her sentence of imprisonment to time-served under 18 U.S.C. § 3582(c)(1)(A)(i) based on health risks posed by the COVID-19 pandemic (the "first motion for sentence reduction"). [Doc. No. 40.] On December 9, 2020, this Court issued an order denying the first motion for sentence reduction. [Doc. No. 46.] On April 30, 2021, Defendant filed a motion for sentence reduction under 18 U.S.C. §3582(c)(1)(A) based on a perceived need for uterine surgery (the "second motion for sentence reduction"). [Doc. No. 47.]

      18 U.S.C. § 3582(c)(1)(A) requires that a defendant "fully exhaust all administrative rights to appeal" before bringing a motion to the district court. A defendant is first required to make a request of the Bureau of Prisons ("BOP") to file the motion for release on the defendant's behalf.  If the BOP refuses, or does not act on the defendant's request within 30 days, the statute authorizes the defendant to file the motion with the district court.

In the second motion for sentence reduction, Defendant claims to have exhausted her administrative remedies via a request to the Warden on December 3, 2020. [Doc. No. 47 at 3, 11-13.] However, that request was based upon Defendant's concern over COVID 19, which was the basis of the first motion for sentence reduction. There is no evidence in the second motion for sentence reduction that Defendant has exhausted her administrative remedies regarding the perceived need for uterine surgery. *See United States v. Valenta*, 2020 WL 1689786 at *1 (W.D. Pa. Apr. 7, 2020) ("To properly exhaust administrative remedies, therefore, the administrative complaint must raise the same claims asserted in the federal court filing"); *United States v. Jenkins*, 2020 WL 1872568 at *1 (D. Neb. Apr. 14, 2020) ("the Court does not view the administrative exhaustion of an initial request for compassionate release as serving to discharge that requirement for subsequent requests based on different evidence and argument. Simply put, the Court cannot consider a motion for compassionate release that is based on evidence or arguments that weren't presented to the Bureau of Prisons first."); *United States v. Mogavero*, 2020 WL 1853754 at *2 (D. Nev. Apr. 13, 2020) ("Proper exhaustion necessarily requires the inmate to present the same factual basis for the compassionate-release").

Defendant has not demonstrated that she sought relief through the BOP regarding the perceived need for uterine surgery before submitting her request directly to the court. Exhaustion is a jurisdictional predicate to court's ability to consider the merits of the request. Therefore, the second motion for sentence reduction is **DENIED WITHOUT PREJUDICE** to reconsideration once Defendant establishes she has satisfied the exhaustion requirement.

Dated: April 30, 2021

Hon. Cathy Ann Bencivengo
United States District Judge